### ELHANAN W. CRAM *v.* GEORGE WATSON.

#### *Sale.*

A person contracting to purchase a good article will, if he accept one which is depreciated, with knowledge of its condition, but without objecting to it on that account, be holden to pay the price originally stipulated.

BOOK ACCOUNT.   The auditor reported that on the 30th day of January, 1854, at Concord, N. H., the plaintiff contracted with the defendant to sell him one thousand bushels, or more, of potatoes, delivered in Boston, in good order and well sorted, at seventy cents per bushel, to be delivered on or before the first day of April then next, to be paid for by the defendant as fast as delivered; that on the 28th day of February following, the plaintiff delivered, on said contract, 672½ bushels, 195 of which were unassorted, and many were more or less frozen; that the parties agreed that the frozen and small ones should be drawn out, and the good ones thereby ascertained, and it subsequently turned out that 157½ bushels of the 672½ were frozen, or too small for market, leaving 515 bushels to be accounted for, at seventy cents per bushel, amounting to $360.50, and that the plaintiff sold defendant a lot of straw, boards, &c., at $3.00, making the plaintiff's whole account $363.50, toward which the defendant had paid at different times, $347.50, leaving a balance of $16.00, which he allowed, with interest on the same to September, 1853, making $17.44; that it was proved that no more potatoes were freighted to Boston by the plaintiff, until about the 10th or 12th of the following April, and those the plaintiff sold to another party; and that it was also proved that the sound potatoes were damaged for sale 10 cents in the bushel, by having had the frozen ones among them, but that he made no allowance for such damage.

Upon this report the county court, September Term, 1855,— POLAND, J., presiding,—rendered judgment for the plaintiff for the amount reported by the auditor.

Exceptions by the defendant.

———— ———— for the defendant.

*P. Dillingham* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J.   We understand the report of the auditor to find, that the potatoes allowed were accepted upon the contract, and if so, the defendant is bound by such acceptance, however much they were really depreciated, as it was not by any latent defect, but by being mixed with the others, which was well

known at the time of the acceptance, and no objection seems to have been made on that account. If not, the defendant is bound by the acceptance, and must pay for them at the stipulated price, as no damages were shown by the entire contract not being fully performed.

Judgment affirmed.